**NOT FOR PUBLICATION**

AUG 30 2019

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TODD ALBRIGHT, an individual, | No. 18-35770 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-05062-RBL |
| v. | |
| ALLIANT SPECIALTY INSURANCE SERVICES, INC., a California Corporation doing business in Washington; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted August 28, 2019[**]
Seattle, Washington

Before: HAWKINS, McKEOWN, and BYBEE, Circuit Judges.

In 2016, Alliant Insurance Services, Inc. and its subsidiary, Alliant Specialty

Insurance Services, Inc., (together, "Alliant") were negotiating contracts, called "co-

broker agreements," with Arthur J. Gallagher & Co. ("AJG"), under which two

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

brokerages that AJG had recently acquired would sell and service Alliant's insurance products. An Alliant employee circulated a draft co-broker agreement containing a term that excluded one of AJG's brokers, Todd Albright, from performing any work under the agreement. Albright sued Alliant, claiming the term defamed him in several states, tortiously interfered with his business expectancy, and negligently injured him. The district court granted summary judgment in Alliant's favor and denied Albright's motion for partial summary judgment on choice of law. It also denied Albright's motion for reconsideration. Albright appeals these rulings. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

The district court did not err by applying Washington law to Albright's defamation claims and denying Albright's motion for partial summary judgment on choice of law. There is no outcome-determinative difference between the law of Washington and the laws of California, Illinois, and Oklahoma as they relate to the resolution of Albright's defamation claims. All four states recognize a conditional "common interest" privilege for otherwise-defamatory communications that is lost when the declarant is motivated by malice or otherwise abuses the privilege. *See Moe v. Wise*, 989 P.2d 1148, 1154–58 (Wash. Ct. App. 1999); *see also Taus v. Loftus*, 151 P.3d 1185, 1209–10 (Cal. 2007); *Kuwik v. Starmark Star Marketing and Amin., Inc.*, 619 N.E.2d 129, 134–36 (Ill. 1993); *Trice v. Burress*, 137 P.3d 1253, 1260 n.15 (Okla. Civ. App. 2006); *Thornton v. Holdenvill Gen. Hosp.*, 36 P.3d 456,

2

461 (Okla. Civ. App. 2001). Given the absence of a "real" conflict between the relevant laws, the district court properly applied Washington law and denied Albright's motion for partial summary judgment. *See Seizer v. Sessions*, 940 P.2d 261, 264 (Wash. 1997).

Nor was there error in granting summary judgment in Alliant's favor on Albright's defamation claims. The allegedly defamatory co-broker agreements were communicated in furtherance of a "legitimate business relationship" between Alliant and AJG, and thus were covered by the common interest privilege. *See Corbin v. Madison*, 529 P.2d 1145, 1151 (Wash. Ct. App. 1974). Albright's evidence does not create a genuine issue of material fact as to whether Robert Shearer, the author of the co-broker agreement, was motivated by malice when he drafted and published the relevant language.

There was also no error in granting summary judgment in Alliant's favor on Albright's tortious interference claims. Albright presented insufficient evidence that Alliant "interfered for an improper purpose or used improper means" to exclude him from a business expectancy. *Leingang v. Pierce Cnty. Med. Bureau, Inc.*, 930 P.2d 288, 300 (Wash. 1997).

There was no abuse of discretion in denying Albright's motion for reconsideration. Albright fails to show clear error in the district court's underlying ruling on the motions for summary judgment, and the newly discovered evidence he

3

presented to the district court did not create an issue of material fact as to the existence of malice. *Carroll v. Nakatani*, 342 F.3d 934, 940, 945 (9th Cir. 2003).

**AFFIRMED.**